IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Damien Lamont Glover, <br><br> Petitioner, <br> v. <br><br> Warden Janson <br><br> Respondent. | Case No. 6:22-cv-02150-RMG <br><br> **ORDER AND OPINION** |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his conviction and sentence under § 2255's savings clause.

In accordance with 28 U.S.C § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to the United States Magistrate Judge for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that this matter be dismissed without prejudice and without requiring Respondent to file an answer or return. (Dkt. No. 11). Petitioner did not file an objection to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

1

After reviewing the Report and considering the record of this matter and the applicable law, the Court agrees with the conclusions of the Magistrate Judge. A petition under § 2241 is only available if § 2255 is inadequate or ineffective. Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241 if the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." The Magistrate Judge correctly found that Petitioner here has not established that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." Thus, Petitioner's § 2241 petition should be dismissed.

Accordingly, the Court adopts and incorporates the Report by reference in this Order. The petition is dismissed without prejudice and without requiring Respondent to file an answer or return.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

                                         s/ Richard Mark Gergel
                                         Richard Mark Gergel
                                         United States District Judge

August 12, 2022
Charleston, South Carolina